UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY STEWART,

        Plaintiff,

v.                                 Case No:  2:14-cv-545-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER[1]**

This matter comes before the Court on the Plaintiff, Anthony Stewart's Petition for Attorney's Fees (Doc. #26) filed on May 20, 2015.  The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, April 21, 2015, the Court remanded the Commissioner of Social Security's decision (Doc. #24) under sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3). Judgment was entered on April 21, 2015, (Doc. # 25).

The Equal Access to Justice Act (hereinafter EAJA) requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, a prevailing party is a party that succeeds on "any significant claim

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

affording it some of the relief sought" in bringing the suit. Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence remand in a Social Security case is a prevailing party for EAJA purposes. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two step process. First the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Flowers v. Commissioner of Social Security,

2012 WL 4815743 *1 (M.D. Fla. September 27, 2012) (*citing* Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985)). In this case, Plaintiff seeks fees of $190.00 per hour in 2014 and fees of $188.75 per hour in 2015 for Attorney Carol Avard. The Court finds that fees of $190.00 per hour in 2014 and fees of $188.75 per hour in 2015 are reasonable rates for the Fort Myers, Florida region.

The Plaintiff seeks 25.20 hours for Attorney Carol Avard, 3.40 hours for Attorney Mark Zakhvatayev, and 2.30 hours for Counsel's fee petition for a total of 30.9 hours. After reviewing the record of services provided, the Court concludes that the thirty point nine (30.9) hours expended on this case is reasonable. The Plaintiff seeks $5,836.26 in attorney's fees and $24.00 in paralegal fees for a total of $5,860.26 in fees. The Defendant has reviewed the petition for attorney's fees and cost and does not object to the fees or the assessment of costs.

Accordingly, it is now

**ORDERED:**

1. The Plaintiff's Petition for Attorney's Fees (Doc. #26) is **GRANTED**.

2. The Court orders that attorney's fees of **$5,860.26** be paid to Plaintiff and is payable to Attorney Carol Avard.

3. The Clerk shall enter an Amended Judgment adding that the Plaintiff shall be awarded $5,860.26 in attorney's fees.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of May, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record