UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY STEWART,

    Plaintiff,

v.                              Case No:  2:14-cv-545-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff, Anthony Stewart's Unopposed Motion for Attorney's Fees (Doc. #29) filed on June 27, 2016.  The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, April 21, 2015, the Court reversed and remanded the Commissioner of Social Security's decision under sentence four of 42 U.S.C. § 405(g). Judgment was entered on May 22, 2015.

The Equal Access to Justice Act (hereinafter EAJA) requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, a prevailing party is a party that succeeds on "any significant claim

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

affording it some of the relief sought" in bringing the suit. Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence remand in a Social Security case is a prevailing party for EAJA purposes. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). However, in this case Counsel seeks attorney fees for an award of past due benefits pursuant to a contingency fee agreement.

Plaintiff recovered $81,452.00 in past due benefits. Section 206(b)(1)(A) of the Social Security Act, 42 U.S.C. § 406(b)(a)(A), provides that a court may award a "reasonable" attorney fee not in excess of 25% past-due benefits under Title II of the Social Security Act for an attorney's representation of a plaintiff for Title II benefits before

that court. See *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S. Ct. 1817 (2002). Plaintiff's attorney, Carol Avard, moves the Court to award $20,363.00 as a reasonable 406(b) attorney fee for her representation of Plaintiff in this civil action. The Government has no objection to the Motion. In accord with *Gisbrecht* and as set forth herein, the sum of $20,363.00 is a reasonable 42 U.S.C. § 406(b) fee and not in excess of 25% of Plaintiff's past due benefits of $81,452.00.

To date, Atty. Avard has received EAJA fees in the amount of $5,860.26 for 28.60 hours of work in 2014 and 2015 on this case. The $5,860.26 awarded to Atty. Avard on May 21, 2015, under the EAJA will be offset from the $20,363.00. After applying the offset of fees already paid out under the EAJA, Atty. Avard is due $14,502.74 in attorney fees.

Accordingly, it is now

**ORDERED:**

Plaintiff, Anthony Stewart's Unopposed Motion for Attorney's Fees (Doc. #29) is **GRANTED**.

1. Plaintiff Anthony Stewart is awarded $14,502.74 in attorney's fees payable to Atty. Carol Avard.

2. The Clerk of the Court is directed to enter an amended judgment awarding Plaintiff $14,502.74 in attorney's fees payable to Atty. Carol Avard.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record